AUSA:  Kathryn Boyles        Telephone: (313) 226-9556
Agent: Alexander Carlson     Telephone: (866) 347-2423

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Edwin VASQUEZ-PACHECO

Case No.   2:25-mj-30175
Judge: Unassigned,
Filed: 03-24-2025 At 05:26 PM
CMP USA v. EDWIN vASQUEZ-PACHECO (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 18, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-Entry Following Removal |

This criminal complaint is based on these facts:
See attached Affidavt.

☑ Continued on the attached sheet.

_____
Complainant's signature

Alexander Carlson, BPA
Printed name and title

Sworn to before me and signed in my presence.

Date: __March 24, 2025__

_____
Judge's signature

City and state: __Detroit, Michigan__

Elizabeth Stafford, US Magistrate Judge
Printed name and title

# **AFFIDAVIT**

I, Alexander Carlson, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Edwin VASQUEZ-PACHECO, a native and citizen of Mexico. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for VASQUEZ-PACHECO, for a violation of 8 U.S.C. § 1326, Unlawful Re-Entry Following Removal. I have not included every fact known to law enforcement related to this investigation.

2. VASQUEZ-PACHECO is a twenty-eight-year-old citizen and native of Mexico who last entered the United States on an unknown date and at an unknown location without inspection by the U.S. Department of Homeland Security.

3. On or about January 15, 2016, Border Patrol Agents apprehended VASQUEZ-PACHECO in Rio Grande Valley, Texas. VASQUEZ-PACHECO stated that he entered the United States around 10:00 p.m. by crossing the Rio Grande River in a raft. VASQUEZ-PACHECO admitted that he knew entering the United States in this manner was illegal. VASQUEZ-PACHECO was processed as an Expedited Removal. On January 16, 2016, VASQUEZ-PACHECO was removed through Hidalgo, Texas.

4. On March 18, 2025, Border Patrol Agents assigned to the Gibraltar station received a request for assistance in identifying subjects being detained by the Michigan State Police near the Michigan Welcome Center at exit 7 of northbound US-23, which is near the Michigan-Ohio border. The subjects were being detained for commercial truck violations.

5. According to a report from the Michigan State Police, one of the subjects, VASQUEZ-PACHECO, was the passenger in a truck that was pulling a trailer containing a Bobcat, which is a type of tracked or wheeled construction loader. VASQUEZ-PACHECO stated he was an employee of Crystal Creek Concrete which is a company in Woodburn, Indiana. Among the violations discovered

1

by the Michigan State Police were that the breakaway braking system for the trailer was inoperable, there was no securing device in front of the Bobcat and the chain on the rear of it was loose, and the driver did not possess a valid Commercial Driver's License or a medical card which would allow him to operate a commercial vehicle.

6. Border Patrol Agents arrived on scene, encountered VASQUEZ-PACHECO, identified themselves as Border Patrol Agents and performed an immigration inspection. VASQUEZ-PACHECO readily admitted to being a citizen of Mexico without documents allowing him to enter or remain in the United States legally. Upon determining that VASQUEZ-PACHECO had illegally re-entered the United States, agents placed VASQUEZ-PACHECO under arrest and transported him to the Gibraltar Border Patrol Station for processing.

7. While at the Gibraltar Border Patrol Station, VASQUEZ-PACHECO's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Next Generation Identification (NGI). The results revealed that VASQUEZ-PACHECO is a citizen of Mexico, with no record of obtaining permission to re-enter the United States following his last removal.

8. Record checks also showed that VASQUEZ-PACHECO has an outstanding warrant issued by the Elkhart, Indiana Sheriff's Office for failure to appear – no license.

9. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

10. Review of the Alien File (A# XXX XXX 289) for VASQUEZ-PACHECO, and queries in U.S. Department of Homeland Security databases confirm no record exists of VASQUEZ-PACHECO obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States after his removal from the United States on January 16, 2016.

11. Based on the above information, I believe there is probable cause to conclude that Edwin VASQUEZ-PACHECO is a native and citizen of Mexico, who was previously removed from the United States and was thereafter found in the United States, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Alexander T. Carlson, Border Patrol Agent
U.S. Department of Homeland Security

Subscribed and sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Elizabeth Stafford
United States Magistrate Judge

3